Herbert Gould, Administrator of Estate of Leone Coral Gould, Deceased, Appellant, v. Robert J. Schlossberg, Trading as Crown Inn and Grill, and William Penny, Appellees.

Gen. No. 42,075.

58

Heard in the first division of this court for the first district at the December term, 1941. Opinion filed September 9, 1942. Rehearing denied September 23, 1942.

IRVING N. STENN, ANGERSTEIN & ANGERSTEIN and WENDELL H. SHANNER, all of Chicago, for appellant; GEORGE W. ANGERSTEIN, MARION J. HANNIGAN, THELMA BROOK and CHARLES WOLFF, all of Chicago, of counsel.

LORD, BISSELL & KADYK, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

March 19, 1939 Leone Coral Gould died, and the fundamental question here presented is whether Herbert Gould was the administrator of her estate with authority on May 19, 1939 to file a complaint in the superior court alleging that the negligence of defendants caused her death.

April 15, 1940 defendant Schlossberg, the only one served with summons, withdrew his answer and instead moved to dismiss the complaint, alleging that Herbert Gould was not the administrator when the complaint was filed; that he was appointed April 17, 1940, which was more than one year after the death of the decedent; that sec. 2, ch. 70, Ill. Rev. Stat., provides that such death claims must be commenced by the personal representative of the deceased person within one year after the date of death; that Gould was not such representative when this suit was commenced.

April 17, 1940, the probate court, on motion of the attorney for Herbert Gould, found that on April 12, 1939 he applied to be appointed administrator of the decedent's estate, that the court costs were paid, administrator's bond was filed with the Maryland Casualty Company as surety, which bears date of April 12,

1939, as does also the acknowledgment by Gould and the surety; and it was ordered that the records of the probate court be corrected to show that Herbert Gould was appointed administrator on April 12, 1939 and became duly qualified as such administrator on that date. It was also ordered that letters of administration be issued to him *nunc pro tunc* as of April 12, 1939.

May 7, 1940, the defendant asked the judge of the probate court to approve an appeal bond offered to secure a review in the circuit court of the correctness of the probate court's *nunc pro tunc* order of April 17, 1940. This motion was denied.

May 9 defendant filed in the probate court a petition requesting the entry of an order vacating and expunging the *nunc pro tunc* provisions of the order of the probate court. December 6, 1940 the probate court denied this petition and defendant was given leave to appeal to the circuit court.

Defendant also filed his petition in the superior court for a writ of certiorari for the purpose of reviewing and setting aside the *nunc pro tunc* provisions of the order of the probate court entered April 17, 1940. These three actions, namely, the motion to dismiss plaintiff's suit in the superior court, the appeal by Schlossberg to the circuit court from the order of the probate court, and the petition for certiorari filed in the superior court, were consolidated for hearing and were heard in the superior court as one appeal.

In the superior court, the trial court on April 16, 1941, rendered a decision which, after reciting the three cases which had been consolidated, and the statute, section 2, chapter 70, which requires an action to recover damages for wrongful death be brought by the personal representative within one year after the death, held that Herbert Gould was not such a representative, that he was not appointed administrator until April 17, 1940, which was more than one year

after the death of the decedent; that the order of the probate court that the letters issue *nunc pro tunc* as of April 12, 1939, was invalid as entered without authority, and sustained the motion of defendant to strike the complaint and dismiss the suit. The court suggested that plaintiff would be permitted to retain the proceedings in the probate court for other purposes.

Plaintiff appeals from this order of dismissal and defendant appeals from the orders of the probate court refusing to vacate its *nunc pro tunc* order and also denying the petition for certiorari to review the probate court record.

It has been held in many cases that where a defendant has been sued by an administrator in a wrongful death action the defendant has no standing in the probate court to question the order appointing the administrator.

In *In re Trost's Estate*, 292 Ill. App. 60, the administrator brought a suit against certain defendants for the wrongful death of the decedent. The defendants moved in the probate court to set aside the order appointing the administrator. It was held that the defendants had no interest in the estate of the deceased that would authorize them to move to set aside the appointment of the administrator, and this for the reason that they were only debtors of the estate and that debtors have no such interest in the estate which would give them the right to attack the action of the probate court. The opinion in this case cites a large number of decisions to the same effect. In *Missouri Pac. Ry. Co. v. Bradley*, 51 Neb. 596, a railroad company sought to have the court set aside the appointment of the administrator. It was held that it was not a creditor but merely a debtor of the estate and sued by the administrator for the recovery of money and that this gave no right to it to petition for the removal of the administrator. Other cases to the same

effect are *Southern Ry. Co. v. Moore,* 158 S. C. 446,
155 S. E. 740; *In re Upton's Estate,* 199 Wash. 447,
92 P. (2) 210; *In re Togneri's Estate,* 296 Ill. App.
33, 15 N. E. (2d) 908. The defendants' brief attempts
to distinguish these cases from the one at bar but the
distinctions suggested are not of controlling impor-
tance. We are of the opinion that the superior court
had no authority at the instance of the defendant to
reverse the order of the probate court, and that the
entire appeal from the order of the probate court was
a nullity. It scarcely requires argument to sustain
the proposition that strangers to any interest in the
estate should not be permitted to interfere with the
orders of the probate court acting within its general
jurisdiction. The jurisdiction of the probate court to
appoint an administrator is not questioned.

Other points are made upon which it is unnecessary
to comment, for clearly the *nunc pro tunc* order of the
probate court was not only within its power to make
but was properly made. As we have noted above,
Gould appeared in the probate court, applying for
letters of administration, on April 12, 1939, as shown
by the dates on the application, the date when the
costs were paid and the dates on the administrator's
bond. On the same date the estate was given a file
number and a page on the clerk's docket was desig-
nated as the appropriate place for entries to be made
in the estate. Moreover defendant on August 31, 1939,
filed his answer denying liability only and raised no
point as to the appointment of Gould as administrator,
apparently assuming that the order of appointment
was properly entered. It was not until April 15, 1940,
which was more than one year after the death of the
decedent, that the appointment of the administrator
was questioned. The failure to enter a formal order
of appointment and to deliver letters of administra-
tion to Gould, as claimed, were errors which the court
could properly correct by its *nunc pro tunc* order.

62

In *Morgan's Administrator v. Louisville & N. R. Co.*, 181 Ky. 76, and in *Dallago v. Atlantic Coast Line .R. Co.*, 165 N. C. 269, the facts are almost identical with those here presented, and the decision in those cases supports the conclusion that the appointment of the administrator *nunc pro tunc* was proper.

For the reasons indicated, the order of dismissal in the superior court was erroneous and the judgment, in that case, is reversed. This also disposes of the appeals by the defendant. The cause is remanded with directions to try the plaintiff's claim on its merits and for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded with directions.*