Harriet Waller, Administrator of the Estate of Mark Waller, Deceased, Plaintiff-Appellant, v. Marvin E. Cooper, Defendant-Appellee.

Gen. No. 49,159.

First District, Second Division.

June 2, 1964.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, all of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal by plaintiff, Harriet Waller, administrator of the estate of Mark Waller, deceased, from an order of the Municipal Court entered on December 13, 1962, dismissing the cause of action on the ground that the claim set forth in the amended claim is barred by the two-year period fixed by the Wrongful Death Act.

The decedent, Mark Waller, died on January 30, 1960. The Statement of Claim was filed on January 27, 1962. The Statement of Claim failed to set out who were "next of kin" and their "pecuniary loss"

as required by section 2 of the Wrongful Death Act (Ill Rev Stats c 70, § 2) which states inter alia:

> "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, . . . the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, . . ."

Appellant's position is that under section 46(2) of the Civil Practice Act (Ill Rev Stats c 110, § 46(2)) the complaint can be amended to supply the missing allegations as long as the claim was filed within the two-year jurisdictional period. She believes that such amendment would relate back to validate the original filing. Appellee's position is that the statements of "next of kin" and "their pecuniary loss" are jurisdictional, and that since no cause of action can be stated under section 2 of the Injuries Act without them, no complaint was filed within two years, and there is nothing to relate back to.

The last time an appellate court has been called upon to study this question was in the case of Serio v. Slifkin, 291 Ill App 614, 9 NE2d 422 (1937). In that case we discussed the contention that under section 46 of the Practice Act, where the original complaint fails to set out who were the next of kin, an amendment to the pleadings is allowed. In determining that no amendment could be allowed we relied upon Friend v. Alton R. Co., 283 Ill App 366 (1936) which faced a somewhat similar question a year previously, and quoted therefrom (368, 369):

"The Injuries Act of 1853 gave a new cause of action when the injury resulted in death. In cases where the injury resulted in death the common-law action was abated, but under the Act of 1853, the right of action was continued in the name of the legal representatives of the deceased for the benefit of the widow and next of kin. This continued action is a new suit unknown to the common law and is purely statutory. Wilcox v. Bierd, 330 Ill 571. The act, having created new liabilities and rights unknown to the common law, conferred jurisdiction which can be exercised only in the manner and within the limitations prescribed by the statute and the plaintiff must bring himself within the conditions of the act. Welch v. City of Chicago, 323 Ill 498; Bishop v. Chicago Rys. Co., 303 Ill 273.

"The action must be brought by and in the name of the personal representative of the deceased and shall be commenced within one year after the death of such person. The period of one year is not a statute of limitations but is a condition of the liability itself.

"We are of opinion that section 46(2) of the Civil Practice Act has no application to actions when the period of time within which a suit shall be commenced is a condition of the liability itself and the person authorized fails to bring the action within the time limited, but after the lapse of the period such personal representative is substituted by amendment as party plaintiff in a suit commenced by persons not authorized to sue by the statute creating the liability.

"The bringing of the suit in the name of the personal representative of deceased, and the commencement of the suit within one year after the death of such person by his personal representa-

484

tive are conditions precedent to the right to recover damages under the Injuries Act for injuries resulting in the death of a person caused by the wrongful act of another."

Following the above quote we stated at page 4 of the opinion:

"This decision applies to the instant case. When the complaint was filed it was not stated therein that there was a widow or next of kin surviving at the date of death of Louis Pistilli, and even if the plaintiff had filed an amendment showing a widow or next of kin it would appear from the date that leave to amend was granted more than one year after the date of death of Louis Pistilli on January 13, 1934."

The correctness of the decision in Serio v. Slifkin rests entirely upon the merits of the position of the court in Friend v. Alton R. Co., and cannot be supported on any other independent ground.

In Metropolitan Trust Co. v. Bowman Dairy Co., 292 Ill App 492, 11 NE2d 849 (1937), affd 369 Ill 222, 15 NE2d 838 (1938), a case in which the contention was presented that there was a fatal variance between the allegations of the original complaint and the proofs, and that an amendment made to cure this variance states a new cause of action that is barred by the statute of limitations contained in the Injuries Act, this court held at 507 "that under sec 46 of the Practice Act the amendment was permissible and related back to the filing of the original complaint, since both pleadings described the same transaction or occurrence."

In the course of the opinion the court extensively reviewed some of the relationships between the requirements of the Injuries Act and the new liberal pleading

amendments contemplated by section 46 of the Practice Act. The case of Friend v. Alton R. Co. was disapproved three times. At pages 502 to 503, the court reviewed the facts of Friend v. Alton R. Co. and stated at 503:

". . . The Appellate Court of the third district, citing Bishop v. Chicago Rys. Co., 303 Ill 273; Welch v. City of Chicago, 323 Ill 498; and Wilcox v. Bierd, 330 Ill 571, said a plaintiff must bring himself within the conditions of the act upon which the suit was based; that the limitation of one year in the Injuries Act was a condition of the liability itself; that to give to sec 46(2) of the Civil Practice Act the construction for which plaintiff contended would amount to the elimination of the condition; that the action must be brought in the name of the deceased and must be commenced within one year after the death. However, the Appellate Court cites no case, nor is the language of sec 46 of the Civil Practice Act analyzed in any way.

"Whatever may have been the proper construction of sec 39 of the old Practice Act as amended, we think it is clear it was the intention of the legislature in the enactment of the Civil Practice Act, which (as we have seen) is applicable here, *to make such a construction as that adopted in Friend v. Alton R. Co. and Holden v. Schley, impossible* . . . ." (Emphasis supplied.)

Again at 504, 505, the court stated:

"A writer in the Illinois Law Review, vol 31, p 396, discussing Friend v. Alton R. Co., 283 Ill App 366, after pointing out how . . . by the amendment of 1929, the legislature attempted to abolish the technical distinction between stating

486

a cause of action and stating a cause of action defectively, says: 'The emasculation of the 1929 amendment, initiated in Hanley v. Waters, and furthered in Holden v. Schley, was completed in Keslick v. Williams Heating Corporation. There the court held that the cause of action in an amendment which changed the capacity in which the plaintiff sued was not "substantially the same" as that in the original declaration. In 1934, the Civil Practice Act omitted the words "substantially the same." Yet in derogation of plain legislative intent, and without regard to prior decisions of the Illinois Supreme Court permitting amendments changing the capacity in which plaintiff sued to relate back, the court in the instant case concluded that time is a condition of liability and not a statute of limitations, and that therefore the plaintiff's original complaint failed to state a cause of action. *Inasmuch as the new Act, by express language, includes "any statute" either "prescribing" or "limiting" the time within which an action may be brought, the distinction seems unwarranted.'* " (Emphasis supplied.)

And at 506, 507, the court stated:

". . . we think sec 46 of that act discloses a change which is fundamental in its character. For the subtle distinctions between 'actions' and 'causes of action,' between identity of 'actions' and identity of 'causes of action,' between 'defective causes of action,' and 'defective statements of a good cause of action,' as illustrated by Fish v. Farwell, 160 Ill 236, and Walters v. City of Ottawa, 240 Ill 259, 88 NE 651, this section of the Civil Practice Act substitutes the test of reality, namely, whether *the transaction or occurrence* set

487

forth in the amended pleading is the same as that set up in the original pleading. *The failure in the original pleading to state and describe a condition precedent under this theory becomes wholly immaterial. . . . This fundamental distinction does not appear to have been called to the attention of the court in Friend v. Alton R. Co., 283 Ill App 366.*" (Emphasis supplied.)

In the Metropolitan Trust Co. case upon appeal, the Supreme Court affirmed the Appellate Court for this district. The court re-established the rule that the time fixed for bringing suit under the Injuries Act for wrongful death is not a statute of limitations, but is a condition of the liability itself. The court reviewed sections 46(1) and (2) and expressly undertook to deal with the situation presented to this court in Serio v. Slifkin and in the present case.

The court stated at 228–230:

". . . Section 46 of the Civil Practice Act, like section 39 of the prior act as amended in 1929, consists of two paragraphs, respectively treating the same subjects. Paragraph 1, in each case, prescribes what classes of amendments may be made in any process, pleading or proceedings before final judgment. It does not deal with the subject of limitations at all. Paragraph 2, in each case, deals exclusively with the subject of limitations on the right to amend pleadings after the limitation period. It is thus apparent that both paragraphs must be considered together. Under the holdings of this court construing the prior statutes it is obvious that any amendment permitted by paragraph 1 which does not also come within the provisions of paragraph 2 of section 46, must be made within the time limited for commencing suit. To otherwise construe para-

488

graph 1 would destroy the effect of paragraph 2, come in conflict with the limitation in the Injuries Act and leave the situation the same as it was before section 46 was enacted.

"Two significant changes appear in paragraph 1. Instead of the permission, in section 39, to change the form of action, section 46 permits changing the cause of action or adding new causes of action. In place of the provision, in section 39, that the change may be made to enable the plaintiff to sustain the action for the claim intended to be brought, section 46 permits such change as may enable him to sustain the claim intended to be brought. It is further to be observed that section 42 of the Civil Practice Act provides that no pleading shall be deemed bad, in substance, which shall contain such information as shall reasonably inform the opposite party of the nature of the claim or defense which he is called upon to meet. The prior acts contained no such provision nor anything equivalent thereto. While these changes do not deal with the subject of limitations, *they eliminate the former requirement that the original pleading must state a cause of action* and that an amendment must set up the same cause of action.

"Under paragraph 2 of section 39 it was required that the cause of action set up in the amendment not only grow out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46. *The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading.* Briefly summarized, *section 46*

489

*permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grow out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action,* or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. . . . These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. *The reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions."* (Emphasis supplied.)

The cases of Carlin v. City of Chicago, 262 Ill 564, 104 NE 905 (1914) and Day v. Talcott, 361 Ill 437, 198 NE 339 (1935)—both decided under prior statutes and both standing for the proposition that "if the original declaration fails to state any cause of action whatever, and an amended declaration is filed, after the statute of limitations has run, which does state a cause of action, the filing of such an amended declaration will be regarded as the beginning of the suit for that cause of action and the statute will constitute a good defense"—were approved by the Supreme Court in the Metropolitan Trust case at 228 only insofar as they stand for the proposition that under both the old and new Practice Act, its provisions were to be applied

490

in connection with those of the Injuries Act. The primary holdings of both of these cases fell under the last sentence of the above quote, have ceased to be law and offer the appellee here no solace.

In Wilson v. Tromly, 336 Ill App 403, 84 NE2d 177 (1949), affd 404 Ill 307, 89 NE2d 22 (1949), where the sole question of law before the court was whether a counterclaimant may assert a counterclaim based on the Injuries Act which he would be barred from asserting if he brought a separate independent suit, the Supreme Court pointed out that a counterclaim must be a cause of action, the time fixed for bringing an action under the Wrongful Death Act is jurisdictional, and that the provisions of the Limitations Act creating exceptions to limitation periods in the specific events mentioned therein have no application to actions for death from a wrongful act under the Injuries Act whether it arises in a direct suit or by way of a counterclaim. The case nowhere mentions section 46 or the right to amend after the period fixed in the statute has run. The doctrine that the time fixed in the Injuries Act is a condition precedent attached to the right to sue at all was reaffirmed.

In North Pier Terminal Co. for Use of Liberty Mut. Ins. Co. v. Hoskins Coal & Dock Corp., 333 Ill App 440, 77 NE2d 546 (1948), affd 402 Ill 192, 83 NE2d 748 (1949), which was an action by the employer of the deceased, for the use of its insurer, against the defendant, contending that the widow's acceptance of death benefits under the Longshoremen's Compensation Act from the employer operated as an assignment to the employer of the right of the personal representative to pursue defendant for damages for the alleged wrongful death of the deceased, the Supreme Court approved the holding of the Appellate Court which had held that the complaint did not state a good cause of action because it did not name the

recipient of death benefits under the federal statute, failed to designate the widow and next of kin, and neglected to show that the person electing to receive death benefits from the employer was the only person entitled to the proceeds of a recovery in a wrongful death action. When the contention was put to the court that the cause should be remanded so that the complaint might be amended to correct the defective provisions, the court did not say that section 46 does not allow the amendment of a complaint under the Injuries Act after the statute has run, but pointed out that the judgment of the trial court was on the merits and final, and, thereafter, by the terms of the statute (Ill Rev Stats c 110, § 46(3)), the right to seek an amendment ceased to exist. By section 46(3), the only amendment authorized after final judgment is an amendment to make the pleadings conform to the proof.

It is unfortunate that Serio v. Slifkin (supra) through inadvertence, escaped the disapproval of the court in Metropolitan Trust Co. v. Bowman Dairy Co. It is more unfortunate that the case has lain dormant and uncited for twenty-seven years only to spring upon the unwary as a throwback from the days of strict pleading. Serio v. Slifkin suffers from the same infirmities as Friend v. Alton R. Co. Accordingly, lest anyone might hereafter question whether an amendment under sections 46(1) and (2) relates back to a pleading which did not set forth a condition precedent under the Injuries Act, we are expressly disapproving the cases of Friend v. Alton R. Co., 283 Ill App 366 (1936) and Serio v. Slifkin, 291 Ill App 614, 9 NE2d 422 (1937) insofar as these cases interpret the right to amend under section 46 of the Civil Practice Act.

The Supreme Court in Metropolitan Trust Co. v. Bowman Dairy Co., makes our reading of the statute mandatory and the legislative intent is clear on the face

492

of the statute. The view of the Metropolitan Trust Co. case was also taken by and approved by the Supreme Court in Huntoon v. Pritchard, 371 Ill 36, 41, 42 (1939). The interpretation of the right to amend in the Friend case has independently been disapproved in 3 John Marshall LQ 128; 31 Ill L Rev 395; 2 Nichols Illinois Civil Practice §§ 1378, 1379. In accordance with the views expressed herein we are reversing the order of the Municipal Court of Chicago and remanding the cause to the Circuit Court Municipal Division for proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and FRIEND, J., concur.