The Department of Business and Economic Development, etc., Plaintiff-Appellee, *v.* Roger E. Schoppe *et al.*, Defendants-Appellants.

(No. 70-253;

Second District—August 2, 1971.

Corrigan, McKay, Quetsch & O'Reilly, John R. Mackay, and Edward Graham, all of Wheaton, for appellants.

William J. Scott, Attorney General, of Springfield, (Frank S. Righeimer, Assistant Attorney General, of counsel,) for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

The Department of Business and Economic Development filed a petition on December 24, 1968, in the circuit court of DuPage County to condemn designated portions of farm land owned by appellants for the operation of a BEV Particle Accelerator by the United States Atomic Energy Commission. Under the quick-take provisions of the Eminent Domain Act, plaintiff's became vested with fee simple title after the court made a preliminary finding of just compensation in the following amounts: Gebhardt, $51,750.00; Schoppe, $114,500.00; Geise, $260,000.00.

On March 4, 1970, the cause went to trial before a jury, which returned verdicts awarding appellants the following: Gebhardt, $50,298.57; Schoppe, $102,414.78; Giese, $245,566.08. Judgment was entered on the verdicts and post trial motions to set aside the verdicts and grant a new trial were denied. This appeal results.

The land taken from the Gebhardt farm consisted of 20.699 acres out of a total holding of 116 acres. The northern boundary of the farm was on Roosevelt Road, and the part being taken was south of the C.B. & Q. track which runs through the south half of the tract. The jury awarded $50,298.57 for the part taken. The testimony of the valuation witnesses for this parcel ranged from a low of $41,000.00 to a high of $103,000.00.

That part of the Schoppe farm taken consisted of 42.146 acres out of a total holding of 116.76 acres. All witnesses agreed an additional 7.488 acres south of the C.B. & Q. track not taken was damaged. The valuations placed on the part taken by the witnesses varied from $84,300.00 to $275,730.00 and the damage to the remainder from a low of $4,300.00 to a high of $17,500.00. For that part taken, the jury awarded $102,414.78. Their verdict for damages to the 7.488 acres was $7,480.00.

The total 100 acres of Giese's parcel was taken. Valuations by witnesses ranged from a low of $230,000.00 to a high of $400,000.00. The jury awarded $245,566.08.

On appeal, the owners first urge that plaintiff's counsel misused the *voir dire* examination making it impossible for defendants to have a fair and impartial jury and defendants also contend plaintiff's counsel injected prejudicial error into the opening statement making it impossible for defendants to receive a fair trial.

Regarding the *voir dire* examination: the following four questions were asked the veniremen which are claimed by defendants to be prejudicial, but at the time of questioning there was no objection. (1) "The Court: If I were to ask you all of the questions that were asked of the other prospective jurors, would your answers be substantially the same as those who have been accepted for service?" (2) "The Court: Do you understand that in a criminal case it is necessary that the defendant be proven guilty beyond a reasonable doubt, whereas in matters of this kind, in a civil matter, it is the preponderance or the greater weight of the evidence which applies. Do you understand that?" (3) Question 3 was asked by defendants' attorney, Mr. Valentine: "And you would have no hesitancy in following the law as given to you by his Honor, Judge Locke, if you are selected as a juror here, would you, sir?" (4) Question 4 was asked by petitioner's attorney, Mr. Righeimer: "And you understand that the State is going to testify to a substantial amount of his property and we expect to pay a substantial amount, but we don't have to pay one cent more than is actually fair, and all four of you, I hope, feel that you can give a fair verdict in this case; is that right?"

Regarding the opening statement: During the opening statement by petitioner's counsel, Mr. Righeimer, counsel for defendants made a motion for a mis-trial because of Mr. Righeimer's following statement:

"And I expect that that evidence will show that whereas farm land would be valued considerably less, that the market value of this property as established by sales of similar property in the area is from $2,200 to $3,000 an acre.

Now, that will be established by the testimony of appraisers who know the area, and we expect the evidence to show that those values close to them were also established by the first appraiser that these defendants hired to appraise this property and whose appraisals they have rejected. And they have gone out to get other appraisers who appraised the property higher, but the first man they hired, his appraisals, and this is

Mr. Valentine: I will object at this point

Mr. RIGHEIMER: * * * in the area the evidence will show are substantially what our appraisals are.

And that will be the evidence in the case as far as we are concerned. Thank you."

Appellants further urge that it was error to allow Jay T. Fitts, who was engaged by defendants to appraise the premises in question and then dismissed, to testify as an expert in behalf of the petitioners.

■ Since the jury in a condemnation suit is called only for the purpose of finding values and fixing damages, these issues cannot be broadened nor the jury influenced upon *voir dire* by immaterial matters calculated to be prejudicial. On *voir dire*, an attorney has the right to make such reasonable inquiry as will intelligently permit him to exercise his right to peremptory challenge, but an abuse of that right will warrant a new trial. *City of Quincy v. Best Supply Co.* (1959), 17 Ill.2d 570, 162 N.E.2d 373.

■ The record before us does not disclose an objection to the questioning of the venire by the judge or by counsel for petitioner. Furthermore, it was admitted in appellants' brief, at page 11, that "the defendants' attorney raised no objection to the asking or answering of any or these questions posed by the trial judge or Mr. Righeimer." Since defendants never raised an objection to petitioner's questions or statements of the venire, nor requested that counsel be warned by the court in his questioning, this failure to object will be regarded as a waiver of the objection and defendants will not be heard to raise the question for the first time on appeal.

■■ Regarding defendants' second point, we have referred to the record and we find counsel for defense objected only once during opening statements and no objections were raised during closing statements. The general rule in Illinois is a Court of Review will not consider assignments of error unless a timely objection has been made and the trial court afforded an opportunity to rule upon the issue. (*Forest Preserve District v. Kercher* (1946), 394 Ill. 11, 66 N.E.2d 873; *Forest Preserve District v. Krol* (1957), 12 Ill.2d 139, 145 N.E.2d 599.) Our Supreme Court, however, has held a reviewing court may hear arguments for the first time even though no objection was made and no ruling was made or preserved at the trial level if the arguments were so prejudicial that a party litigant could not receive a fair trial. *Belfield v. Coop* (1956), 8 Ill.2d 293, 134 N.E.2d 249.

■ We have examined defendants' authority on this point, *Belfield v. Coop, supra,* and find it clearly distinguishable. In *Belfield,* the defendants were characterized during the argument as "thieves," "usurpers,"

and "defrauders." It is clear from these remarks that plaintiff's attorney intended to inspire the passion and prejudices of the jury. Examining the record in the light of *Belfield* guidelines, we could not find any remarks by plaintiff's counsel intending to inspire the passion and prejudices of the jury. For this reason, we find no merit in defendants' contention that the opening and closing statements of plaintiff's counsel made it a practical impossibility for defendants to receive a fair trial.

Finally, appellants claim the testimony of Jay T. Fitts was prejudicial to their case. Mr. Jay T. Fitts was employed by the defendants to appraise their property, but before the hearing, was dismissed. Mr. Fitts was subpoened by the petitioner and at trial gave his opinion to the value of the Gebhardt and Giese land.

■ The rule in Illinois governing testimony of experts formerly employed by one party and then asked to give testimony for the opposing party was stated in *People of the State of Illinois v. Speck* (1968), 41 Ill.2d 177, 242 N.E.2d 208 at 200:

"A witness is not the property of either party to a suit and simply because one party may have conferred with a witness and even paid him for his expert advice does not render him incompetent to testify for the other party."

The question of whether petitioner could have specifically brought out that Fitts was first employed by appellants has not been decided in Illinois. But we have examined the authorities cited by defendants (*Department of Public Works and Buildings v. First National Bank* (1965), 61 Ill.App.2d 78, 209 N.E.2d 21; *State Highway Commission v. Earl* (1966), 143 N.W.2d 88; *Texas v. Biggers* (1962), 360 S.W.2d 516); and find them clearly distinguishable. In *First National Bank,* the witness brought out in examination that he had been appointed by the trial Court to appraise the property at the earlier hearing.

In the *Earl* and *Biggers* cases, one party was specifically trying to bring out on examination that an expert witness was formerly employed by the opposing party. Both reviewing courts held the fact of prior employment by the opposite party was not relevant or material to the issues to be decided.

■ In the case at Bar, petitioner would have been deprived of the pleasure of introducing the witness, Mr. Fitts, as a former appraiser of appellants because such would have no relevancy to the issues to be decided. But petitioner would not have been deprived from using Fitts as an otherwise qualified witness.

■ Since petitioner introduced Mr. Fitts as a qualified appraiser and not as a former appraiser of appellants, there was nothing prejudicial

to appellants in the presentation of the testimony of Mr. Fitts. For these reasons, we conclude the judgment of the circuit court will be affirmed in all respects.

Judgment affirmed.

ABRAHAMSON and PAGE, JJ., concur.