DON SCOTT, Indiv. and as Adm'r of the Estate of Beverley L. Scott, Deceased, Plaintiff-Appellant, *v.* SKOKIE VALLEY COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-1198

Opinion filed November 17, 1977.

Brundage, Garr & Driscoll, Ltd., of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh L. Moore and Hugh C. Griffin, of counsel), for appellee Skokie Valley Community Hospital.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Robin J. Omahana, of counsel), for appellee Dr. Stellios Zaharakis.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff appeals from the dismissal of an action brought under the Wrongful Death Act (Ill. Rev. Stat. 1973, ch. 70, par. 1 *et seq.*) to recover damages against defendants, alleging that their negligence caused the death of decedent. Defendants moved to dismiss the complaint on the grounds that an estate had not been opened for decedent, nor had plaintiff been appointed administrator of plaintiff's estate within the statutory period of two years after decedent's death. The trial court granted the motion and dismissed the complaint.

We affirm the order of dismissal by the trial court.

The complaint was filed on December 14, 1974, alleging, *inter alia*, that decedent died December 14, 1972, and that plaintiff was the administrator of decedent's estate. On March 23, 1976, plaintiff filed a "Petition for Letters of Administration" in the probate division of the circuit court, and on that date, for the first time, an order was entered issuing letters of administration to him. On April 8, 1976, defendant Zaharakis moved to dismiss the complaint, alleging that plaintiff was not the proper party to bring suit prior to being granted letters of administration on March 23, 1976, and that any pleadings filed on behalf of decedent prior to that date were void. Defendant's motion alleged that since the applicable statute of limitations had run prior to that date, the suit should be dismissed. On May 17, 1976, the probate court ordered that the letters of administration issued to plaintiff be amended to be entered *nunc pro tunc* as of December 14, 1974. After a hearing, the trial court dismissed the complaint as to defendant Zaharakis. Subsequent orders were entered dismissing the complaint as to all defendants.

OPINION

■■ The Illinois Wrongful Death Act requires that an action be brought by and in the names of the personal representatives of the deceased person within two years after death. (Ill. Rev. Stat. 1971, ch. 70, par. 2.) On appeal, plaintiff contends that he possessed the legal capacity to bring suit within the two year limitation period since the order of the probate court appointing him administrator related back to the date the suit was filed against defendants. The question on appeal, therefore, is whether a court order *nunc pro tunc* may relate back to a date prior to the commencement of proceedings in that court. We think not.

■■ "The purpose of a *nunc pro tunc* order is to presently show that which was previously done and it takes effect from such prior time. It is solely a device for supplying omissions and to enter of record something

actually done. It may not, however, supply omitted judicial action nor correct judicial errors." (*Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 349, 293 N.E.2d 623, 626.) It is an entry now for something previously done, made to make the record speak now what was actually done then. (*Furth v. Furth* (1972), 5 Ill. App. 3d 73, 283 N.E.2d 102.) A court cannot, under the guise of correcting its record, put upon it an order or judgment which never in fact had been made or entered. *Grisson v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55, 296 N.E.2d 624.

■■ The facts in the present case clearly indicate that the probate court lacked authority to amend its order *nunc pro tunc*. Plaintiff had not as yet initiated any proceedings to seek letters of administration on the date to which that the court's order related back. Therefore, plaintiff did not possess the legal capacity to bring suit against defendants within the limitation period since he was not properly appointed administrator of decedent's estate.

Plaintiff cites *Gould v. Schlossberg* (1942), 316 Ill. App. 57, 43 N.E.2d 693, in support of the proposition that a *nunc pro tunc* order by the probate court can relate back to a date prior to commencement of a wrongful death action and thereby satisfy the requirements of the act. *Gould*, however, presented a situation where the probate court proceedings were commenced before the wrongful death action and where all prerequisites had been met with. The later order *nunc pro tunc* was merely entered to correct the error of failing to enter a formal order of appointment and to deliver letters of administration. In the present case, no probate proceedings were commenced until well after the limitation period had passed.

■■ Plaintiff also contends that a defendant sued by an administrator in a wrongful death action does not have standing, in the probate court, to question the *nunc pro tunc* order, again citing *Gould*. Initially, it should be noted that this issue was not raised in the probate court but rather on a motion to dismiss the wrongful death action. Furthermore, while this contention may possess merit in certain circumstances (*cf. Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 326 N.E.2d 545), such an argument must be rejected in this case, where the probate court, acting without authority, entered an order upon which the entire action is predicated. We do not believe that it is inappropriate for defendants to collaterally attack the order *nunc pro tunc* in this manner.

■■ Lastly, plaintiff contends that defendants' motion to dismiss was not supported by an affidavit, and thus was improper under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 48.) Plaintiff failed to object before the trial court as to the form or substance of the motion to dismiss, when any claimed errors could have been more expeditiously

corrected. Consequently, this issue will not now be considered.
The order of the trial court dismissing plaintiff's complaint is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.