HATTIE REDMOND, Adm'x of the Estate of Hubert Redmond, Deceased, *et al.*, Plaintiff-Appellant, *v.* CENTRAL COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)  No. 77-1335

Opinion filed September 22, 1978.

Leroy P. Vital, of Harthe, Vital, Stroger, Boarman & Williams, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John D. Cassiday and Stanley J. Davidson, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order which (1) granted summary judgment in favor of Central Community Hospital (hereafter defendant); and (2) denied her motion for sanctions for failure of defendant to comply with her discovery requests.

Initially, Hattie Redmond, as an individual and not as personal representative, brought suit in 1974[1] against defendant and J. Gurk (the latter is not involved in this appeal), alleging certain acts and omissions, one or more of which proximately caused her husband's death on October 16, 1972, and, as a direct and proximate result, that she and their children suffered loss of support for which she seeks damages.

On April 24, 1975, Hattie Redmond filed a third amended complaint[2] as administrator of her husband's estate, which in substance was identical to the original complaint, except that count I contained an allegation that the estate of decedent sustained loss rather than decedent's next of kin, as was the case in the original complaint, and that in count II it was alleged "that the estate of decedent did sustain damages, expenses, costs, and pain and suffering as a direct and proximate cause of the foregoing acts or omissions." On August 27, 1976, plaintiff, under Supreme Court Rules 214 and 219 (Ill. Rev. Stat. 1975, ch. 110A, pars. 214, 219) sought the production by defendant of (1) all records concerning the admission, treatment and discharge of decedent; and (2) the relationship between

---

[1] The exact date does not appear in the record, but the parties treat it as being within two years after the death of her husband.

[2] The second amended complaint is not included in the record.

defendant and Dr. J. Gurk. Subsequently, on September 29, plaintiff served defendant with a set of interrogatories seeking more detailed information concerning substantially the same information.

Defendant answered the third amended complaint by generally denying each of its allegations and asserting certain affirmative defenses, pertinent of which is that the action for the wrongful death of decedent was barred by the failure of the administrator to bring suit within two years of his death.

On October 26, 1976, defendant filed interrogatories (which were answered by plaintiff on December 29) and a request for an admission of facts pursuant to Rule 216 (Ill. Rev. Stat. 1975, ch. 110A, par. 216). Therein, plaintiff was asked to admit the truth of the following: (1) that she was not appointed administrator of decedent's estate until November 26, 1974, which is more than two years after his death; (2) that her first allegation that she was appointed administratrix appears in her third amended complaint filed on January 30, 1975; (3) that there are no facts to support the allegation that Dr. Gurk was its employee, agent or resident; (4) that no act or omission on its part caused or contributed to the injuries and/or damages for which the suit was brought; (5) that no expert witness will testify that any act or omission on its part or its agents or employees, caused or contributed to cause any such injuries and/or damages for which the suit was brought; and (6) that no expert witness will testify that any act or omission on its part constituted malpractice.

On January 18, 1977, the trial court denied defendant's motion for summary judgment based upon plaintiff's admission of the above facts by her failure to deny or object to them within 28 days as required by Rule 216. On the same day, the court allowed plaintiff to file an answer to the request for admissions in which she admitted that she was not appointed administrator until November 26, 1974, but neither admitted nor denied the other requests stating that they were improper.

Subsequently, the case was assigned to another judge who, on April 5, 1977, ordered plaintiff "to submit for deposition her purported experts Dr. Thapebi and Dr. Renato Tanquilut for their deposition within one week * * *." In an interrogatory answer plaintiff had previously named those doctors as her treating physicians, but to a following interrogatory concerning persons "who had been contacted for expert opinion," she made no specific answer, stating "information given in previous answers." So far as the record discloses it was on the basis of these interrogatory answers that plaintiff was ordered to submit the doctors for deposition. In the same order, defendant was directed to answer "within 28 days thereafter" interrogatories of plaintiff which had been served on defendant some six months prior.

The depositions of the doctors had not been taken when, on June 22,

defendant filed its second motion for summary judgment asserting that plaintiff had informed the court on April 5, 1977, that Drs. Thapebi and Tanquilut were her expert medical witnesses; that on that date the court ordered plaintiff to submit those doctors for deposition; that defendant's attorneys had contacted those doctors and were informed that neither had agreed to testify as an expert witness as indicated in their unsworn letters to that effect which were attached as exhibits; and that in light of these letters and plaintiff's answer to its request for admissions, which was attached as an exhibit, and because plaintiff had no expert testimony she could not "maintain an action for alleged malpractice against this defendant."

In response, plaintiff asserted that statements of the physicians do not relieve them of their duty to testify under subpoena as attending physicians; that other expert testimony may be obtainable; that her case might be established by the co-defendant, Dr. Gurk, under section 60 (Ill. Rev. Stat. 1975, ch. 110, par. 60); and that, in any event, she could not produce the physicians for deposition other than by subpoenaing them— a course equally available to defendant. Plaintiff attached a letter from a Dr. John Coleman, which states in pertinent part that he had read an attached hospital transfer record of defendant pertaining to decedent and that he was prepared to state from the copy of its transfer record that defendant "should have either immediately commenced intensive care, or immediately referred the patient to a facility capable of giving intensive care" and that "such treatment might have substantially increased his chances of survival."

In addition, plaintiff moved for sanctions against defendant for answers to her interrogatories and for the production of documents she had requested in August and September, 1976, and for the failure to produce a nurse for deposition, notice for which was served in February 1977.

On June 22, 1977, defendant's motion for summary judgment was granted, and plaintiff's motion for sanctions was denied.

Opinion

The order appealed from stated that summary judgment was granted "pursuant to Supreme Court Rules 217 and 219(c)." Plaintiff contends that neither rule provides a basis for dismissal of her case. Defendant makes no attempt to support a dismissal grounded upon noncompliance with Rule 217, but maintains that dismissal was proper under Rule 219(c), which provides in pertinent part that upon the unreasonable refusal to comply with any provision of Rules 201 through 218 or the failure to comply with any order entered under those rules, the court on motion may impose certain sanctions including dismissal of the action.

Defendant does not specifically assert in its brief that plaintiff

unreasonably refused to comply with any order—let alone one entered under Rules 201 through 218. He does, however, argue that plaintiff did not comply with the order of April 5, 1976, requiring that she submit her purported medical experts, Dr. Thapebi and Dr. Tanquilut, for depositions within one week. The doctors were never so submitted by plaintiff, and defendant suggests that this was a sufficient basis under Rule 219(c) to dismiss the action, although it does not inform us of the specific rule under which the April 5 order was entered. Rule 201(b) sets forth the scope of discovery under the rules as follows:

"Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 201(b).

■■■ Thus, it is obvious that the rules were intended to provide a party the means to discover relevant matter from other parties by motion or upon written request and, from third persons, through the use of subpoenas. However, we find no provision in Rules 201 through 218 allowing a party or a court to require a litigant to submit for deposition persons who are not under the control of that party and who necessarily would have to be subpoenaed to obtain their presence. This is particularly so here where, from their unsworn statements attached to defendant's motion for summary judgment, it should have been obvious that they were not under the control of plaintiff. If defendant wished to record the knowledge of those persons, the rules permitted it to take their depositions by subpoena, if necessary, and we believe that is the course that should have been followed.

■■ In view thereof, we find no unreasonable refusal to comply with any provision in Rules 201 through 218 and no failure of compliance with any order entered under those rules. Accordingly, we see no justification under the facts and circumstances here for dismissal under Rule 219(c).

Nevertheless defendant also maintains that the dismissal was properly entered on other grounds appearing in the record. First, because plaintiff was appointed administratrix of decedent's estate more than two years after his death, it argues that a wrongful death action could not have been filed against it within the two-year period provided in the Wrongful Death Act. (Ill. Rev. Stat. 1975, ch. 70, par. 2.) It is plaintiff's position that the third amended complaint, in which she substituted herself in her capacity as administratrix, related back to the time of the filing of the original complaint and thus, under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46) was timely filed.

Unlike an appellant, for whom the scope of review is limited by his assignment of errors, an appellee may sustain the finding of the trial court by an argument based upon issues appearing in the record. *Hall v.*

*Humphrey-Lake Corp.* (1975), 29 Ill. App. 3d 956, 331 N.E.2d 365; accord *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417; *Diver v. Village of Glencoe* (1978), 63 Ill. App. 3d 591, 379 N.E.2d 1214; In re Application of County Treasurer (1976), 35 Ill. App. 3d 449, 342 N.E.2d 249.

■ A wrongful death action must be brought within two years of decedent's death. (Ill. Rev. Stat. 1975, ch. 70, par. 2.) However, section 46(1) of the Civil Practice Act provides that prior to final judgment an amendment may be allowed to introduce "any party who ought to have been joined as plaintiff or defendant" (Ill. Rev. Stat. 1977, ch. 110, par. 46(1); see also Ill. Rev. Stat. 1977, ch. 110, par. 26) and section 46(2) provides for the relation back of amendments as follows:

"The cause of action * * * set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted * * * in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact * * * which is a necessary condition precedent to the right of recovery * * * if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 46(2).)

The relation-back doctrine was included in section 46 to implement the legislative intent to preserve causes of action including those sounding in wrongful death against loss by reason of technical rules of pleading. *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 15 N.E.2d 838.

In support of its contention that the introduction of the administrator into a wrongful death suit may not be made by way of amendment after the expiration of the statutory period, defendant cites only *Scott v. Skokie Valley Community Hospital* (1977), 54 Ill. App. 3d 766, 370 N.E.2d 107. In *Scott,* a wrongful death action was timely filed in the name of an administrator, but letters of administration were not issued until more than two years after decedent's death—after which the trial court ordered their issuance *nunc pro tunc* as of the date of the filing of the wrongful death action. The sole question on appeal, as there stated by this court, was "whether a court order *nunc pro tunc* may relate back to a date prior to the commencement of proceedings in that court." (54 Ill. App. 3d 766, 767, 370 N.E.2d 107, 108.) While it was held that under the circumstances

there the trial court lacked authority to amend its order *nunc pro tunc*, no question was raised or discussed in *Scott* as to the applicability of section 46, and we do not believe that it was controlling of that issue which is presented here.

We note, however, that certain provisions of the Wrongful Death Act (Ill. Rev. Stat. 1977, ch. 70, par. 2) have been held to be conditions precedent to the right to bring an action under the Act. Pertinent among those are: that it be brought within the time limitation prescribed by the Act and that it be brought in the name of the personal representative of the deceased. (*Friend v. Alton R.R. Co.* (1936), 283 Ill. App. 366; see also *Bishop v. Chicago Rys. Co.* (1922), 303 Ill. 273, 135 N.E. 439.) It was once the rule as expressed in *Friend* and *Serio v. Slifkin* (1937), 291 Ill. App. 614, 9 N.E.2d 422 (abstract), that an action brought under the Act could not be amended after the expiration of the time limitation to include any such condition precedent.

In *Friend* the action was brought in the name of the personal representative as an individual and the denial of his amended complaint, brought in his capacity as administrator of decedent's estate after the limitation period, was upheld on appeal with the court finding that section 46(2) did not apply to eliminate the condition in the Act to the effect that the action must be brought within the time prescribed. In *Serio* the denial of a late amendment to allege surviving next of kin of the decedent was upheld. The *Serio* court relied entirely on *Friend* in refusing to apply section 46(2). The reasoning of these cases, however, was expressly disapproved in *Waller v. Cooper* (1964), 49 Ill. App. 2d 482, 200 N.E.2d 105, where a late amendment was upheld to set forth for the first time the surviving next of kin with the court stating:

> "[L]est anyone might hereafter question whether an amendment under sections 46(1) and (2) relates back to a pleading which did not set forth a condition precedent under the Injuries Act, we are expressly disapproving the cases of Friend v. Alton R. Co., 283 Ill App 366 (1936) and Serio v. Slifkin, 291 Ill App 614, 9 NE2d 422 (1937) insofar as these cases interpret the right to amend under section 46 of the Civil Practice Act." 49 Ill. App. 2d 482, 492, 200 N.E.2d 105, 110. Accord, *Metropolitan Trust Co. v. Bowman Dairy Co.* (1937), 292 Ill. App. 492, 11 N.E.2d 847.

The reasoning underlying such disapproval was succinctly discussed in *Metropolitan Trust Co. v. Bowman Dairy Co.* (1938), 369 Ill. 222, 229, 15 N.E.2d 838, 842, wherein it was stated:

> "Under paragraph 2 of section 39 [the predecessor of section 46] it was required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading.

The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, *section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading."* (Emphasis added.)

In *Pleasant v. Certified Grocers of Illinois, Inc.* (1976), 39 Ill. App. 3d 83, 350 N.E.2d 65, where plaintiff's timely-filed original complaint alleged that she was injured in an automobile collision and three months later suffered a stillbirth, an amended complaint was filed more than four years after the occurrence in which she included a count for the wrongful death based upon the stillbirth. The court held that count III was properly filed and related back to the original complaint.

■■ Here, within two years of decedent's death, plaintiff in her individual capacity filed suit alleging that defendant's malpractice had caused decedent's death and, in so doing, deprived her and her children of support. The amended complaint filed more than two years after decedent's death made substantially the same allegations, except that plaintiff appears in her capacity as administratrix of decedent's estate. There appears no question that the cause of action alleged in the third amended complaint was that intended to be brought in the original complaint and that they arose out of the same occurrence. Thus, we are of the opinion that the grant of summary judgment cannot be sustained on the basis that a wrongful death action was not timely filed.

Second, defendant argues that by failing to deny within 28 days the facts which she was requested to admit under Rule 216, plaintiff precluded the existence of any question of material fact and thus the entry of summary judgment as a matter of law was proper.

It appears that in August and September, 1976, plaintiff sought from defendant the production of certain documents and answers to interrogatories relating to the admission and treatment of emergency, intensive care and cardiac patients in general, and of decedent in particular, as well as information concerning the relationship between defendant and Dr. Gurk. Defendant, without complying with plaintiff's discovery requests, filed on October 26, 1976, a request that plaintiff admit or deny that there were no facts to support the allegation that Dr.

Gurk was its employee, agent or resident; that no act or omission on its part caused or contributed to the injuries and/or damages for which the suit was brought; that no expert witness will testify that any act or omission on its part or its agents or employees, caused or contributed to cause any such injuries and/or damages for which the suit was brought; and that no expert witness will testify that any act or omission on its part constituted malpractice.

Supreme Court Rule 216 (Ill. Rev. Stat. 1975, ch. 110A, par. 216) provides that facts for which an admission is requested are admitted if not denied or objected to within 28 days. In the instant case, plaintiff did not respond to defendant's request within that period but was allowed to file a late answer thereto. During oral argument before this court, plaintiff contended that when defendant failed to answer her prior discovery, it was in violation of Rule 201(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 201(e)), which provides that unless otherwise ordered, discovery shall proceed sequentially, and in view thereof that the trial court properly allowed her to file her objections. Defendant takes the position that the 28-day requirement in Rule 216 is mandatory and not within the purview of judicial discretion.

■■ While it is true that some courts have declined to relieve a tardy litigant from being bound by his failure to respond to a Rule 216 request within the 28 days provided (*City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167; *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 299 N.E.2d 820), we believe that where the failure to respond within the time provided is the result of circumstances beyond the control of the litigant, such as the death or severe disability of counsel, the court could allow the filing of a late response under its inherent power to prevent injustice. We see no such situation here as plaintiff could have but did not request appropriate relief on the ground that her prior interrogatories were unanswered. See also *Mangan v. Broderick & Bascom Rope Co.* (7th Cir. 1965), 351 F.2d 24.

However, even were we to accept defendant's contention that the court had no discretion to allow a late filing, we view such a construction of Rule 216 as having no application here where plaintiff was granted leave to answer the request for admissions after the 28-day period and the record discloses no objection or any statement of grounds by defendant in opposition to the late filing of the answer.

■■ Where it is contended that the procedure of the trial court is in error, the failure to object to such procedure in the trial court precludes its review. (*Department of Business & Economic Development v. Schoppe* (1971), 1 Ill. App. 3d 313, 272 N.E.2d 696; *Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480.) Here, not only did defendant fail to object but we note that plaintiff's late response to the

request for admissions was appended to and used in support of defendant's motion for summary judgment. Under such circumstances we find there was a waiver of the late filing and that defendant is precluded from raising that issue on appeal.

■■ In light of the foregoing we find that the record does not support the entry of summary judgment in favor of defendant.

We turn now to the contention of plaintiff that the court in its order granting summary judgment also improperly denied her motion to impose sanctions on defendant for noncompliance with her discovery request.

The imposition of sanctions for the failure to comply with court orders for pretrial discovery rests within the sound discretion of the trial court and, absent abuse, its exercise of discretion will not be disturbed by a court of review. *Alswang v. Claybon* (1977), 53 Ill. App. 3d 961, 369 N.E.2d 104.

■■ ■ Plaintiff's motion was premised on defendant's failure to answer interrogatories as ordered by the court to produce certain documents and to produce a nurse at defendant's hospital for deposition. However, she does not ground her contention on abuse of discretion but asserts only that the denial of her motion "substantially precluded her from a fair trial." She does not state the manner in which the denial precluded her from a fair trial but we assume her position to be that if the trial had proceeded, she would not have received a fair trial because of the noncompliance. Not only is this conclusion unsupportable because no trial took place, but also for the reason that she did not use the means available through subpoenas and motions under the Supreme Court Rules to require the production of the requested discovery. Furthermore, the court's order shows that it was entered after argument of counsel and that the court was "fully advised in the premises." We assume, therefore, in the absence of anything to the contrary in the record that the court was presented with matter supporting the denial of the motion. (See *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246.) Moreover, because this cause will be remanded, we see no prejudice to plaintiff as she will again have the opportunity to obtain necessary discovery.

For the reasons stated, the grant of summary judgment in favor of defendant is reversed but the denial of plaintiff's motion for sanctions is affirmed and the cause is remanded for further proceedings not inconsistent with the views stated in this opinion.

Reversed in part; affirmed in part.

LORENZ and MEJDA, JJ., concur.