WILLIAM JOYCE *et al.*, Indiv. and as Co-Adm'rs of the Estate of Daniel Joyce, Deceased, Plaintiffs-Appellants, v. WARREN WILNER *et al.*, Defendants-Appellees.

Third District   No. 3—86—0355

Opinion filed June 16, 1987.

Goldfine & Bowles, P.C., of Peoria (LeRoy A. Compton, of counsel), for appellants.

Duncan B. Cooper III, of Heyl, Royster, Voelker & Allen, of Peoria (Stephen J. Heine, of counsel), for appellee Rod Maguire.

Douglas D. Mustain, of West, Neagle & Williamson, of Galesburg, for appellee Maxine Schroeder.

Wayne L. Hanold and John A. Kendrick, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee National Medical Registry, Inc.

Murvell Pretorius, Jr., and Lauren K. Meachum, both of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria, for appellee Warren Wilner.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for appellee Graham Hospital Association.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiffs, William Joyce and Ruth Morse, filed an action against defendants for the wrongful death of their son, Daniel Joyce. Plaintiffs appeal from an order of the trial court dismissing with prejudice counts VII through XII of their amended complaint. The trial court's order incorporated an express finding, pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) that "no just reason for delaying enforcement of appeal" existed with respect to the dismissals. Plaintiffs also appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) from a nonfinal interlocutory order of the court dismissing counts VI through X of the plaintiffs' original complaint.

On November 20, 1984, plaintiffs, as co-administrators of the estate of Daniel Joyce, filed a 10-count complaint against defendants, Warren Wilner, Maxine Schroeder, National Medical Registry, Inc., Graham Hospital, and Rod Maguire. The co-administrators charged each of the defendants with the negligent provision óf medical services during the performance of a surgical operation on Daniel Joyce. Each count in the original complaint was filed pursuant to the Illinois Wrongful Death Act. (Ill. Rev. Stat. 1985, ch. 70, par. 1 et seq.) In counts VI through X of the original complaint the plaintiffs alleged that medical, hospital, and funeral expenses were incurred by Daniel Joyce and that plaintiffs as co-administrators became liable to pay these expenses.

On August 22, 1985, the trial court entered an order dismissing those counts of plaintiffs' complaint seeking medical and funeral expenses as to all defendants except Maxine Schroeder. The trial court found that the co-administrators of the estate of Daniel Joyce did not possess a legal right to recover these expenses in the context of a wrongful death action and that the actions for recovery of these items were time barred. On April 30, 1986, the trial court ordered plaintiffs' original complaint dismissed based upon the oral motion of the plaintiff.

On November 21, 1985, William Joyce and Ruth Morse, in their capacities as individual parents and as co-administrators, filed an amended complaint. In counts VII through XII of the amended complaint the plaintiffs in their sole capacity as parents of the minor child, prayed for compensation for the medical, funeral, and hospital expenses pursuant to what is commonly referred to as the family expense statute (Ill. Rev. Stat. 1985, ch. 40, par. 1015). The defendants filed motions to dismiss which alleged that those counts seeking to recover expenses constituted a separate cause which had not been commenced within the applicable, two-year limitation period. On April 30, 1986, the trial court dismissed with prejudice counts VII through XII of the amended complaint finding that the statute of limitations had expired with respect to the right of the parents to recover these expenses.

On May 15, 1986, the court also entered an order pursuant to Supreme Court Rule 308 which allowed an appeal from the court's nonfinal interlocutory order of August 22, 1985, dismissing counts VI through X of the original complaint. (87 Ill. 2d R. 308.) The question of law certified by the trial court was whether an administrator of an estate can recover medical and funeral expenses in a wrongful death action.

■■ Plaintiffs first argue that the trial court erred in dismissing those counts of their amended complaint in which the plaintiffs as individuals sought to recover for medical, hospital, and funeral expenses. Plaintiffs argue that those counts in their amended complaint seeking to recover these expenses are not time barred because under section 2—616 of the Civil Practice Law they relate back to the date the original complaint was filed. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616.) Defendants argue that those counts in plaintiffs' amended complaint seeking to recover for medical and funeral expenses do not "relate back" under section 2—616 to the original complaint because they constitute a new cause of action by new parties.

Section 2—616(b) of the Code of Civil Procedure provides that a

cause of action set up in an amended pleading shall not be barred by lapse of time under a statute or contract prescribing or limiting the time within which an action may be brought, if the time prescribed by the statute had not expired when the original pleadings were filed, and the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence set up in the original pleadings. Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).

The purpose of section 2—616(b) is to prevent a person from losing a cause of action due to technicalities. (*Frankenthal v. Grand Trunk West R.R. Co.* (1983), 120 Ill. App. 3d 409, 458 N.E.2d 530.) It is not necessary that a cause of action set forth in an amended pleading be substantially the same as the one stated in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.) Instead, the right to amend and the relation back of an amendment depend on whether the original complaint furnished to the defendant all the information necessary for him to prepare a defense to the claim subsequently asserted in the amended complaint. *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.

The plaintiffs cite *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 382 N.E.2d 95, to support their argument that their amended complaint relates back to the date of their original complaint. In *Redmond*, the plaintiff filed a wrongful death action against the defendant for the loss of support to her children in her individual capacity. Following the expiration of the two-year statute of limitations she was appointed as administratrix of her deceased husband's estate. She then filed an amended complaint in her new capacity as administratrix of the estate. The defendant claimed that plaintiff's cause of action was barred by the statute of limitations.

On appeal, the Redmond court ruled that plaintiff's amended complaint related back because it was clear that the cause of action alleged therein was intended to be brought in the original complaint and that it arose out of the same transaction or occurrence. The court noted that the amended complaint made substantially the same allegations, except that the plaintiff appeared in her capacity as administratrix of decedent's estate. 65 Ill. App. 3d 669, 677, 382 N.E.2d 95, 101.

▪ We agree that the instant case is analogous to *Redmond*. Here, the cause of action for expenses alleged in the amended complaint arose out of the same transaction as set forth in the original complaint. It is clear that plaintiffs intended to bring the cause of action for medical and funeral expenses in their original complaint because they made substantially the same allegations in their amended complaint as they did in the original complaint. Hence, the defendants

were not prejudiced because they were informed by plaintiffs' original complaint of the facts which formed the basis of the claim asserted in the amended pleading. See *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440.

Although plaintiffs brought their original action for expenses as co-administrators instead of in their individual capacities as parents, we find this to be a technical deficiency which in light of the legislative purpose behind section 2—616 should not defeat plaintiffs' cause of action for medical and funeral expenses. (See *Stringer v. Estate of Jasaitis* (1986), 146 Ill. App. 3d 270, 496 N.E.2d 1196.) We hold that those counts in the amended complaint where plaintiffs seek to recover expenses pursuant to the family expense statute relate back to the date the original complaint was filed.

Defendants argue that *McGinnis v. A. R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 490 N.E.2d 115, supports their claim that plaintiffs' amended complaint is time barred. In *McGinnis* this court held that a wife's untimely claim for consortium did not relate back under section 2—616(b) to the timely suit of her husband for personal injuries. *McGinnis*, however, is distinguishable from the instant case because there a new party was attempting to bring a separate cause of action after the limitations period had run. Here, the parties in both actions are the same, the only difference being that the parents appear in the amended complaint in their individual capacities, as well as co-administrators, rather than solely in their capacity as co-administrators.

We need not reach the second issue raised by plaintiff in this appeal, *i.e.*, whether an administrator of an estate of a minor decedent can recover medical and funeral expenses in a wrongful death action, given our determination that plaintiffs' amended complaint relates back to the date of their original complaint.

Accordingly, the judgement of the circuit court of Fulton County dismissing counts VII through XII of plaintiffs' amended complaint is reversed.

Reversed.

BARRY and STOUDER, JJ., concur.