### John C. McMann, Administrator, Appellee, v. Illinois Midland Coal Company, Appellant.

1. INFANTS—*effect of commencement of suit in name of.* The commencement of a suit by an infant in his own name is a mere irregularity which may be cured by amendment and after his death his administrator may be substituted and the suit then proceed.

2. MASTER AND SERVANT—*what essential to application of doctrine of assumed risk.* The doctrine of assumed risk will not preclude a recovery by a young inexperienced servant unless it appears not only that he knew of the defect in the appliances which resulted in the injury, but likewise that he appreciated the danger arising from the use of such appliances in the particular manner which caused such injury.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge. presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

BROWN, WHEELER, BROWN & HAY, for appellant; MASTIN & SHERLOCK, of counsel.

J. G. FRIEDMEYER, ROBERT H. PATTON and LAWLER & BERNARD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit originally instituted by Edward Lucian against appellant to recover damages for personal injuries. Thereafter, on March 26, 1908, the plaintiff died

from causes other than the injury sued for, and on April 29, 1908, John C. McMann was appointed administrator of his estate, following which, the death of the plaintiff was suggested and upon leave given the said McMann, as such administrator, was substituted as the party plaintiff. When it was disclosed upon the trial that at the time of his injuries, and when suit was brought by him to recover damages therefor, the deceased was a minor, counsel for appellant objected upon the ground that it was questionable whether any suit was in existence at the time the administrator was substituted as party plaintiff. The objection was overruled and it is urged that such ruling was erroneous. The suit having been brought in the name of the minor instead of by his next friend was not subject to be abated or dismissed without leave to amend by substituting some person as next friend, by whom the suit might be prosecuted for the benefit of the minor, and the minor having died before his incapacity to bring suit in his own name was brought to the attention of the court, and an administrator having been duly appointed and substituted as party plaintiff, the suit was not thereafter liable to be abated or dismissed. The commencement of the suit by the minor was a mere irregularity which might have been thereafter cured by the appointment of a next friend to prosecute the suit. I. C. R. R. Co. v. Latimer, 128 Ill. 163.

Upon the trial of the case by a jury there was a verdict and judgment against appellant for $250.

At the time of his injury on July 7, 1906, the deceased, then of the age of seventeen or eighteen years, was employed by appellant as a mule driver in its coal mine. The evidence on behalf of appellee tends to show that upon two or three occasions within a few days prior to his injury the deceased complained to Lindsay, the boss-driver employed in the mine, that the hook on the tail chain, by means of which the mule was attached to the coal car, was open and liable to come out, and requested Lindsay to have the same

fixed, and that he also then expressed his intention to quit work unless the hook was fixed; that Lindsay told the deceased upon one occasion to get along with it that day and he would fix it at night, and upon another occasion that he would take it up that night sure and fix it; that as the deceased was on the front end of the first of his trip of loaded cars, having one foot on the tail chain and the other on the car bumper, and while the car with the wheels spragged was going down an incline, the hook came out and caught on a tie in the track, causing the mule to stop and the car to run into the mule, whereby the deceased was jammed between the car and the mule and thereby received the injuries complained of; that the hook in question was constructed of wrought iron and when in use was fastened in a hole in the draw bar with the point of the hook extending down. Lindsay, the boss-driver, when called as a witness on behalf of appellant denied that the deceased had complained to him about the condition of the hook, and said that he knew that the hook was in good condition because it was understood that they (the mule drivers in the mine) would report any defect in that regard to him, and that the deceased made no such report.

There are some apparent inconsistencies in the testimony of William Lotherington, the witness called on behalf of appellee, who claims to have heard the conversation between the deceased and Lindsay and claims to have been present when the deceased was injured, but we are unable to say that the jury were not justified in accepting his version of the transaction as being the more disinterested and reliable.

It is insisted on behalf of appellant that as the hook which is alleged to have been defective was an instrument or tool of simple construction, and as the alleged defect therein was known to the deceased, he must be held to have assumed the risk involved in its use, under the rule announced in Webster Manf. Co. v. Nisbett, 205 Ill. 273, and Gunning System v. LaPointe, 212

Ill. 274. True, the hook was a device of simple construction and the deceased knew of the defect, but it does not appear that he appreciated, or might by the exercise of reasonable care have appreciated, a danger resulting from its use other than that it was liable to pull out of the hole in the draw-bar and thus permit the mule to become detached from the car. It may well be that the deceased did not appreciate a danger arising from the liability of the extended point of the hook to catch upon a slightly projecting tie and thereby cause the mule to stop and the car to run against the mule. Furthermore, the deceased was young and inexperienced; it was not a part of his duty to repair any defect in the hook, but as the evidence shows, it was his duty to report any defective condition to the boss-driver, whose duty it was to supply the deceased with another hook or to see that the defect in the hook was repaired. These considerations distinguish the case at bar from the cases above cited and relied upon by appellant.

There is no error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*