MARY M. JABLONSKI *et al.*, Plaintiffs-Appellants, v. JAMES E. ROTHE, Defendant-Appellee.

Second District   No. 2—96—0889

Opinion filed April 10, 1997.

Michelle L. Tully, of Waukegan, and Martin K. Berks, of Law Offices of Robert A. Holstein & Associates, P.C., of Chicago, for appellants.

Susan M. Poder, Loretta M. Griffin, and Steven Krkljes, all of O'Connor, Schiff & Myers, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Mary Jablonski and Richard Jablonski, appeal the circuit court's order dismissing count II of their amended complaint against defendant, James Rothe. Plaintiffs contend that the court erred in holding that their amended complaint, naming plaintiffs as

administrators of the decedent's estate, did not relate back to the filing of the original complaint. We reverse and remand.

Plaintiffs' complaint alleges that on August 26, 1993, Mary Jablonski was pregnant with a viable fetus, when defendant's car struck hers from behind. The complaint further alleged that, as a direct and proximate result of the accident, the fetus was delivered stillborn on October 6, 1993.

Plaintiffs filed their complaint August 24, 1995. Count II sought damages for plaintiffs' injuries on a theory of common-law negligence. Count II purported to state a cause of action under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1994)) for the death of the fetus.

On defendant's motion, the trial court dismissed the complaint on the ground that plaintiffs failed to bring the action as representatives of the decedent's estate. On January 12, 1996, plaintiffs filed an amended complaint adding the allegation that they had been appointed special administrators of the fetus' estate.

Defendant moved to dismiss the amended complaint, arguing that the two-year statute of limitations for actions under the Wrongful Death Act (the Act) (740 ILCS 180/2 (West 1994)) had expired before plaintiffs filed their amended complaint. The court dismissed the complaint with prejudice. After the court denied their motion to reconsider, plaintiffs filed a timely notice of appeal.

Plaintiffs contend that their amended complaint relates back to the filing of the original complaint pursuant to section 2—616(b) of the Code of Civil Procedure (735 ILCS 5/2—616(b) (West 1994)), which provides:

> "The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed ***." 735 ILCS 5/2—616(b) (West 1994).

The purpose of this section is to preserve causes of action, including those brought under the Act, against loss by reason of technical rules of pleading. Courts should liberally construe section

2—616 to allow the resolution of litigation on the merits and to avoid elevating questions of form over questions of substance. *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995). The rationale behind the same transaction or occurrence rule is that a defendant will not be prejudiced by an amendment so long as "his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." *Simmons v. Hendricks*, 32 Ill. 2d 489, 495 (1965).

■ Accordingly, numerous courts have held that, where a complaint brought under the Act failed to name the administrator of the decedent's estate, an amended complaint filed after the expiration of the statute of limitations naming the administrator related back to the filing of the original complaint. For example, in *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669 (1978), plaintiff filed a timely complaint in her individual capacity for the wrongful death of her husband. After the statute of limitations expired, plaintiff filed an amended complaint as the administrator of her husband's estate. The court noted that the cause of action alleged in the amended complaint was the same as that set up in the original pleading and that both arose out of the same occurrence. Therefore, the amended complaint related back to the filing of the original. *Redmond*, 65 Ill. App. 3d at 677.

Similarly, in *Hardimon v. Carle Clinic Ass'n*, 272 Ill. App. 3d 117 (1995), plaintiff initially sued in her individual capacity. After the statute of limitations ran, she successfully petitioned the probate court for appointment as special administrator of the decedent's estate and filed an amended complaint in that capacity. The court stated:

> "Although plaintiff's representative capacity was defective in the initial complaint, her subsequent curing of that defect by appointment as administrator in probate and the filing of an amended complaint did not alter the facts forming the basis of the claims for which defendants had notice and against which they are required to defend." *Hardimon*, 272 Ill. App. 3d at 122.

The court noted that the amendment regarding plaintiff's representative capacity was no different from any other amendment growing out of the same transaction or occurrence as that set up in the original pleading. *Hardimon*, 272 Ill. App. 3d at 122-23; see also *Marcus v. Art Nissen & Son, Inc.*, 224 Ill. App. 3d 464, 467-68 (1991); *Lopez v. Oyarzabal*, 180 Ill. App. 3d 132, 136 (1989).

■ Defendant contends that section 2—616(b) does not apply to this case because the two-year period in which to bring suit under the Act is a condition precedent to recovery rather than a mere stat-

ute of limitations. The plain language of section 2—616(b) refutes this contention. Section 2—616(b) provides that an amended pleading relates back even where the original pleading was defective in failing to allege the existence of a condition precedent to recovery. 735 ILCS 5/2—616(b) (West 1994).

In *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222 (1938), defendant contended that an amended complaint alleging a change in the theory of recovery was in effect a new cause of action, filed beyond the then one-year statute of limitations. Acknowledging that the one-year provision was a condition precedent to recovery, the court nevertheless allowed the amended pleading. The court held that the only requirement under section 46, the predecessor to section 2—616(b), was that the cause of action in the amendment grew out of the same transaction or occurrence alleged in the original pleading. *Metropolitan Trust*, 369 Ill. at 229; see also *Pavlov v. Konwall*, 113 Ill. App. 3d 576, 580 (1983) (amendment under section 46 could relate back to cure a defective pleading which failed to set forth a condition precedent under the Act).

The case on which defendant relies is readily distinguishable. In *Scott v. Skokie Valley Community Hospital*, 54 Ill. App. 3d 766 (1977), the appellate court held that the probate court had erred in entering a *nunc pro tunc* order naming plaintiff as the administrator of the decedent's estate. As a result, it affirmed the dismissal of the amended complaint as untimely. Inexplicably, the court did not consider the effect of the relation-back statute. Thus, we consider *Scott* to be of limited precedential value in this case.

█ Defendant further contends that cases such as *Redmond* are distinguishable because in those cases a probate estate already existed at the time the statute of limitations expired. Therefore, the appointments of plaintiffs as administrators could relate back to the opening of the estates.

We consider this a distinction without a difference. Section 2—616 clearly provides that a complaint may be amended to cure the omission of a condition precedent to the right to recover. The statute does not specify a time in which this must be done. To hold otherwise would be inconsistent with the section's purpose to save causes of action from being lost on technical grounds.

We note that it is not entirely clear from *Redmond* that an estate had been opened prior to the expiration of the statute of limitations. Moreover, this argument fails to account for *Hardimon*, where plaintiff clearly did not seek appointment as administrator until after the running of the statute of limitations. See *Hardimon*, 272 Ill. App. 3d at 119.

Defendant does not dispute that plaintiffs' original complaint was timely filed or that the cause of action alleged in the amended complaint arose out of the same occurrence as that in the original pleading. Defendant does not claim that he has been prejudiced by the amendment. Under these circumstances, the court erred in dismissing the amended complaint as untimely. The amended complaint relates back to the filing of the timely filed original complaint.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and HUTCHINSON, JJ., concur.