NOTICE
Decision filed 07/08/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0591

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| NEIL NAGEL, as Administrator of the Estate of Brandon Neil Nagel, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Randolph County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 07-L-13 |
| | ) |
| JOHN INMAN, | ) Honorable<br>) Richard A. Brown, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, Neil Nagel, filed a wrongful-death action alleging that the defendant's negligence caused the death of his son, Brandon Neil Nagel, in an automobile accident. Although the complaint listed the plaintiff in his capacity as the special administrator of Brandon's estate, he was not appointed to act in that capacity until six months after the suit was filed. The plaintiff subsequently filed a motion for a voluntary dismissal, which the court granted. He later filed the instant action raising the same allegations. The court granted the defendant's motion to dismiss, finding that (1) the plaintiff's authority to act as the special administrator for Brandon's estate terminated when the original suit was dismissed without prejudice and (2) the suit was time-barred. The plaintiff appeals, arguing that both of these findings were in error. At issue is whether the plaintiff was required to file an amended complaint after being appointed as the special administrator in the first suit. According to the defendant, the lack of an amended complaint rendered the plaintiff's original suit a nullity, which in turn made the savings provision of the Limitations Act (735 ILCS 5/13-217 (West 2006)) inapplicable. We reverse.

1

On September 29, 1999, the plaintiff's son, Brandon Neil Nagel, died as a result of an automobile accident with the defendant, John Inman. On November 10, 1999, the plaintiff filed a complaint under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)). He alleged negligence and willful and wanton conduct on the part of the defendant. The caption named the plaintiff in his capacity as the administrator of Brandon's estate; however, he had not yet been appointed to act in that capacity. On April 27, 2000, the plaintiff filed a motion to be appointed as the special administrator of Brandon's estate. On May 17, 2000, he filed an amended motion to be appointed. On May 19, 2000, the court entered an order appointing the plaintiff as the special administrator of the estate of Brandon Neil Nagel and on May 30, 2000, issued letters of office.

On May 5, 2006, the plaintiff filed a motion for a voluntary dismissal pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 2006)). On August 2, 2006, the court entered an order dismissing the cause without prejudice, conditioned on the plaintiff's payment to the defendant of the defendant's costs in the amount of $1,153.79 (see 735 ILCS 5/2-1009(a) (West 2006)).

On July 25, 2007, the plaintiff filed the complaint that forms the basis of this appeal. The allegations and parties in the second complaint were identical to those in the original complaint. The caption once again named the plaintiff in his capacity as the administrator of the estate of Brandon Neil Nagel. He did not file a petition to be appointed as the administrator. According to the plaintiff, it was not necessary to do so because his appointment carried over after the first suit was voluntarily dismissed.

On March 26, 2008, the defendant filed a motion to dismiss the suit. He argued that the plaintiff's authority to act as the special administrator of Brandon's estate terminated when the first suit was voluntarily dismissed. Thus, he contended, the plaintiff lacked the capacity to bring a suit on behalf of the estate in the second suit. In addition, the defendant

argued that the statute of limitations for bringing a suit under the Wrongful Death Act had run. See 740 ILCS 180/2 (West 2006) (providing a two-year statute of limitations for wrongful-death claims). In a memorandum supporting his motion to dismiss, he argued that the "proper plaintiff"–Neil Nagel as the administrator of Brandon Nagel's estate–was never made a party to the original suit because the plaintiff never filed either an amended complaint or a motion for the substitution of a party. He did not address the applicability of the savings provision (735 ILCS 5/13-217 (West 2006)).

On May 16, 2008, the plaintiff filed a petition to be appointed as the special administrator of Brandon's estate in this second suit. He states in his brief that he did so only out of "an abundance of caution." The court never ruled on this motion. Instead, on July 7, 2008, the court entered an order granting the defendant's motion to dismiss. The court explained its rationale as follows:

"The Court has considered that Plaintiff has never been appointed a special administrator in the above[-]styled cause. Plaintiff's authority to act as administrator terminated when the Court entered an Order on August 2, 2006, dismissing [the original complaint without prejudice]. Proceeding on the complaint in this cause is barred by the statute of limitations when raised as a defense by defendant."

On July 18, 2008, the plaintiff filed a motion to reconsider, which the court denied on October 30, 2008. This appeal followed.

The plaintiff first argues that the court erred in finding that his claim was time-barred. He argues that the savings provision of the Limitations Act clearly applies to make his complaint timely because the allegations of the two causes of action were identical. We agree.

An action brought under the Wrongful Death Act must be brought within two years of the decedent's death (740 ILCS 180/2 (West 2006)). However, under the savings

provision of the Limitations Act, if a timely filed action is dismissed without prejudice pursuant to a motion for a voluntary dismissal, an identical action may be filed within one year of the order dismissing the original action or the remaining limitations period, whichever is later. 735 ILCS 5/13-217 (West 2006). This provision is applicable to wrongful-death claims. *Winger v. Franciscan Medical Center*, 299 Ill. App. 3d 364, 368, 701 N.E.2d 813, 815-16 (1998) (citing *Kristan v. Belmont Community Hospital*, 51 Ill. App. 3d 523, 525, 366 N.E.2d 1068, 1070 (1977)). There is no question that the plaintiff complied with these requirements. He filed his original complaint less than two months after Brandon's death, and he filed his second complaint within one year of the order dismissing his first suit. However, the defendant argues that the plaintiff failed to follow other procedural requirements in his first suit. He further argues that this failure rendered the first suit a nullity, thus making the savings provision inapplicable.

A wrongful-death action must be filed by a representative of the decedent on behalf of the estate. *Pavlov v. Konwall*, 113 Ill. App. 3d 576, 577, 447 N.E.2d 982, 983 (1983); *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669, 676, 382 N.E.2d 95, 100 (1978). Thus, there is no proper plaintiff if the next of kin of a decedent sues in his or her individual capacity. See *Jablonski v. Rothe*, 287 Ill. App. 3d 752, 754, 678 N.E.2d 1108, 1109 (1997); *Redmond*, 65 Ill. App. 3d at 677, 382 N.E.2d at 101. Similarly, there is no proper plaintiff where the person named in the caption as the administrator of the decedent's estate was not properly appointed (see *Pavlov*, 113 Ill. App. 3d at 577, 447 N.E.2d at 983) or–as happened here–where the person named has not yet been appointed as the administrator (see *Hardimon v. Carle Clinic Ass'n*, 272 Ill. App. 3d 117, 119, 650 N.E.2d 281, 282 (1995), *abrogated on other grounds by Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350, 685 N.E.2d 1018 (1997)).

Ideally, the administrator should be appointed first and the wrongful-death action

4

filed subsequently. *Lindsey v. Special Administrator of Estate of Phillips*, 219 Ill. App. 3d 372, 377, 579 N.E.2d 445, 448 (1991). However, a failure to follow this procedure is not necessarily fatal to a cause of action. Numerous cases have found that where an administrator is appointed after the suit is filed, the appointment will relate back to the time when the suit was filed. *Jablonski*, 287 Ill. App. 3d at 755, 678 N.E.2d at 1110; see also, *e.g.*, *Hardimon*, 272 Ill. App. 3d at 122, 650 N.E.2d at 284; *Pavlov*, 113 Ill. App. 3d at 579, 447 N.E.2d at 984.

The plaintiff argues that the instant case is precisely analogous to those cases. The defendant, however, contends that there is one key difference: in all of these cases, the administrator filed an amended complaint after being appointed as the administrator. See *Jablonski*, 287 Ill. App. 3d at 754, 678 N.E.2d at 1109; *Hardimon*, 272 Ill. App. 3d at 118, 650 N.E.2d at 282; *Pavlov*, 113 Ill. App. 3d at 577, 447 N.E.2d at 983; *Redmond*, 65 Ill. App. 3d at 677, 382 N.E.2d at 101. The defendant argues that this step was critical because there was no proper plaintiff when the original complaint was filed; thus, he contends, the original complaint was a nullity and an amended complaint was necessary.

In response, the plaintiff points out that the original complaint already named the plaintiff in his capacity as the administrator of Brandon's estate. To require him to file an amended complaint identical to his original complaint, he contends, would elevate form over substance. See *Jablonski*, 287 Ill. App. 3d at 755, 678 N.E.2d at 1110 (explaining that one purpose of the doctrine of relation back is to "avoid elevating questions of form over questions of substance" in a way that precludes a consideration of the claims on the merits).

We note that the relation-back doctrine is codified in section 2-616 of the Code of Civil Procedure, a statute that specifically relates to amendments to pleadings. 735 ILCS 5/2-616 (West 2006). We also acknowledge that, as the defendant points out, all the cases we have discussed do involve amended pleadings. Nevertheless, we agree with the plaintiff

5

that accepting the defendant's position would be at odds with the purpose of the relation-back doctrine.

Neither party has pointed us to any case that squarely addresses the question of whether an amended pleading is necessary to invoke the relation-back doctrine, and we are aware of none. In three of the cases we have discussed, it was necessary for the plaintiffs to file amended complaints for other reasons. In *Jablonski*, the parents of the decedent filed their original complaint in their own names as individuals rather than as the administrators of their child's estate. *Jablonski*, 287 Ill. App. 3d at 754, 678 N.E.2d at 1109. Similarly, in *Redmond*, a widow amended her complaint because she had filed the original complaint in her capacity as an individual. *Redmond*, 65 Ill. App. 3d at 671, 382 N.E.2d at 97. In *Pavlov*, an amended complaint was necessary because the court struck a prior complaint before the plaintiff was properly appointed as the special administrator of the decedent's estate, leaving no complaint on file. *Pavlov*, 113 Ill. App. 3d at 577, 447 N.E.2d at 983.

The exception is the Fourth District's opinion in *Hardimon*, which involved a scenario nearly identical to that involved here. The plaintiff there filed a wrongful-death action, purportedly in her capacity as the administrator of the decedent's estate, even though she had not yet been appointed as the administrator. *Hardimon*, 272 Ill. App. 3d at 119, 650 N.E.2d at 282. She subsequently petitioned to be appointed as the administrator. After her appointment, she filed an amended complaint even though she was already named as the administrator in the original complaint. *Hardimon*, 272 Ill. App. 3d at 119, 650 N.E.2d at 282. The opinion does not make clear whether the amended pleading made any changes to the original complaint or was necessary for reasons other than invoking the relation-back statute, but it does include language that seems to imply that an amended complaint was necessary for this purpose. See *Hardimon*, 272 Ill. App. 3d at 122, 650 N.E.2d at 284 (explaining that the plaintiff cured the "defect [in her capacity to represent the estate] by

6

appointment as administrator in probate *and the filing of an amended complaint*" (emphasis added)). As previously mentioned, however, the court did not explicitly address whether this was a requirement, a question it was not called upon to decide.

We believe that accepting the defendant's interpretation would elevate form over substance and prevent the plaintiff's claim from being decided on the merits. Our cases make clear that the appointment of an administrator *itself* relates back to the time of the original pleading. See *Jablonski*, 287 Ill. App. 3d at 756-57, 678 N.E.2d at 1111 (rejecting a defendant's argument that the amended complaint could not relate back to the original filing where no probate estate had been opened or administrator appointed at the time it was filed); *Pavlov*, 113 Ill. App. 3d at 577, 447 N.E.2d at 983 (answering in the affirmative a certified question that asked whether the " 'proper appointment of an administrator' " relates back to the time of the original complaint). Thus, the order appointing the plaintiff as the administrator of Brandon's estate related back to the time when he filed his original complaint. This cured the only defect in the complaint, without the need to amend anything on the face of the complaint. To require an amended complaint under these circumstances would be at odds with the policy embodied in the relation-back statute and in the many cases that have addressed the issue.

We emphasize that the plaintiff's complaint was never stricken in the first suit. If the defendant felt that it was necessary for the plaintiff to file an amended complaint (even though it would have been identical to the complaint he was amending), he could have filed a motion to strike the complaint he now argues was always a nullity. He also could have filed his own motion seeking to substitute the plaintiff in his capacity as the administrator of Brandon's estate for the plaintiff in his individual capacity. See 735 ILCS 5/2-1008(a) (West 2006) (providing that on the motion of any party, the court may enter an order making any person who is already a party a party in a different capacity "with or without a change

in the title of the cause"). Instead, however, he allowed the suit to remain pending for six years without taking either of those actions. Moreover, he accepted the benefits of allowing the complaint to be dismissed voluntarily by accepting the payment of his costs from the plaintiff. This action was inconsistent with a position that the complaint was a nullity all along.

The Third District has addressed an analogous situation, albeit in a different context. In *McMann v. Illinois Midland Coal Co.*, 149 Ill. App. 427 (1909), a minor brought a personal injury suit in his own name instead of bringing it by a next friend. The fact that the plaintiff was a minor and lacked the capacity to sue in his own name only came to the court's attention after the plaintiff died while his suit was pending. *McMann*, 149 Ill. App. at 428. The administrator of his estate sought to be substituted as the plaintiff, and the defendant objected. The defendant was apparently unaware until this time that the teenaged plaintiff (its employee) was a minor. The trial court substituted the administrator as the plaintiff. *McMann*, 149 Ill. App. at 428.

On appeal, the defendant argued, much as the defendant argues here, that "it was questionable whether any suit was in existence" when the administrator sought to be substituted as the plaintiff due to the minor plaintiff's lack of capacity to sue in his own name. *McMann*, 149 Ill. App. at 428. The court rejected this argument, explaining that the minor's suit was "not subject to be abated or dismissed without leave to amend by substituting some person as next friend." *McMann*, 149 Ill. App. at 428. Once a proper party (the administrator) was instead substituted, it was too late for the defendant to challenge the suit as a nullity based on the minor's lack of capacity prior to the substitution. *McMann*, 149 Ill. App. at 428.

Here, we have concluded that the plaintiff's appointment as the administrator of Brandon's estate in May 2000 cured the defect with no need to amend the complaint or

8

caption or to substitute parties. However, even assuming that some further action was required–as it was in *McMann*–we do not believe that this would have rendered the cause of action a nullity. Instead, the suit would have remained subject to a motion to substitute the plaintiff in his representative capacity as a party if the defendant believed that motion was necessary. Once the suit was voluntarily dismissed, it was too late for the defendant to argue that it was never properly before the court.

We conclude that the plaintiff's appointment as the administrator of Brandon's estate in the first suit related back to the time it was originally filed, without the need to file an amended pleading or a motion for the substitution of a party. Thus, the suit was properly before the court when it was voluntarily dismissed, and the plaintiff may avail himself of the savings provision (735 ILCS 5/13-217 (West 2006)).

The plaintiff next argues that the court erred in finding that his capacity to act as the special administrator of Brandon's estate terminated when his first suit was voluntarily dismissed. We disagree. However, we agree with his alternative contention that the court may grant his May 2008 petition to be appointed as the special administrator for Brandon's estate, thus curing this defect.

The plaintiff argues that his appointment as the administrator in the first suit carried over into this subsequent suit. In support of this argument, he points to the language of the letters of office issued to him on May 30, 2000, which authorized him to "take possession of and collect the estate of the decedent[] and to do all acts required of him by law." He argues that this language was broad enough to grant authority to do more than prosecute the lawsuit. It is clear from the record, however, that despite the breadth of this language, no authority was ever sought or granted to do anything other than prosecute a claim against the defendant. The petition to be appointed as the administrator specifically alleged that the claim against the defendant was the only asset of Brandon's estate. Where, as here, the

9

wrongful-death claim is the only asset of the decedent's estate, the Wrongful Death Act allows the appointment of a special administrator for the purpose of bringing the claim. 740 ILCS 180/2.1 (West 2006). The plaintiff was appointed pursuant to this statute, which, by its terms, gives only the authority to bring the claim. Were it necessary for the plaintiff to do more, he would have needed to open a probate estate and be appointed pursuant to provisions of the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2006)). Thus, we agree with the defendant that the plaintiff's authority to act as the administrator for the purpose of bringing a claim terminated with the order voluntarily dismissing the first suit.

As the plaintiff points out, however, the court never ruled on his petition to be appointed as the special administrator in the second suit. Because that suit was timely filed under the savings provision of the Limitations Act (735 ILCS 5/13-217 (West 2006)), the court may grant the petition and appoint the plaintiff as the special administrator. This appointment would relate back to the time he filed his 2007 complaint.

For the reasons stated, we reverse the order of the trial court.


Reversed.


GOLDENHERSH, P.J., and WELCH, J., concur.

NO. 5-08-0591

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| NEIL NAGEL, as Administrator of the Estate of Brandon Neil Nagel, Deceased, | ) ) ) | Appeal from the Circuit Court of Randolph County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 07-L-13 |
| JOHN INMAN, | ) ) ) | Honorable Richard A. Brown, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**:      July 8, 2010

**Justices**:      Honorable Melissa A. Chapman, J.,

Honorable Richard P. Goldenhersh, P.J.,
Honorable Thomas M. Welch, J.,
Concur

**Attorneys for Appellant**      Darrell Dunham, Tara Dahl, Darrell Dunham & Associates, 308 West Walnut, P.O. Box 803, Carbondale, IL 62903

**Attorney for Appellee**      Arthur W. Morris, Traughber & Morris, Ltd., 217 South Main Street, P.O. Box 587, Columbia, IL 62236