NOTICE

Decision filed 08/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240933-U

NOS. 5-24-0933, 5-24-0934, 5-24-0935 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TONDALAYA JACKSON, as Friend, Next of Kin, and Daughter of Peggy Armstrong, Decedent; COLETTE LESURE, as Friend, Next of Kin, and Daughter of Magnolia Armstrong, Decedent; and COLETTE LESURE, as Friend, Next of Kin, and Niece of Helen Armstrong, Decedent, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Franklin County. |
| | ) | Nos. 22-LA-15, 22-LA-19, |
| Plaintiffs-Appellees, | ) | 22-LA-21 |
| | ) | |
| v. | ) | |
| | ) | |
| DAWIT TEKESTE GEBREMICHAEL and HERUDA TRUCKING, LLC, | ) ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Moore concurred in the judgment.

**ORDER**

¶ 1   *Held:*   Leave to file an interlocutory appeal was improvidently granted where the circuit court has not ruled on plaintiffs' motions to appoint special administrators.

¶ 2   The defendants, Dawit Tekeste Gebremichael and Heruda Trucking, LLC, appeal, pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019), the November 8, 2023, orders of the circuit court of Franklin County that denied defendants' motions to dismiss. Subsequent to its November 8, 2023, orders, the circuit court certified the following question for interlocutory appeal:

"Whether a Plaintiff who fails to be appointed as Special Administrator in a wrongful death suit filed just prior to the statute of limitations, who then voluntarily

1

dismissed the Complaint, and then files another lawsuit again failing to be appointed Special Administrator of the estate, can have the refiled complaint 'relate back' to the original filing, *i.e.* does Plaintiff get a 'second bite at the apple' by being allowed to repeat the same conduct during the one year voluntary dismissal period—filing a complaint with a plaintiff who lacks the proper standing—without violating the statute of limitations?"

For the reasons that follow, we decline to answer the certified question and remand the cause to the circuit court for further proceedings.

¶ 3                                 I. BACKGROUND

¶ 4    On May 2, 2019, Peggy Armstrong, Magnolia Armstrong, and Helen Armstrong were involved in a motor vehicle accident which resulted in their deaths. On April 28, 2021, and April 30, 2021, Tondalaya Jackson and Colette Lesure filed *pro se* wrongful death claims on behalf of the three decedents.[1] Jackson's complaint was voluntarily dismissed on or about August 10, 2021. Lesure's complaints were voluntarily dismissed on or about July 23, 2021. Prior to voluntarily dismissing the complaints, neither Jackson nor Lesure were appointed as special administrator of the decedents' estates.

¶ 5    On April 29, 2022, Jackson refiled a complaint as "Friend, Next of Kin, and Daughter of Peggy Armstrong, decedent, as Personal Representative and *Pro Se*." On the same date, Lesure refiled a complaint as "Friend, Next of Kin, and Daughter of Magnolia Armstrong, decedent, as Personal Representative and *Pro Se*." Lesure also refiled a complaint as "Friend, Next of Kin, and Niece of Helen Armstrong, decedent, Administrator of the Estate of Helen E. Armstrong, decedent, as Personal Representative and *Pro Se*." The complaints alleged negligence, negligence *per se*, and wrongful death against Dawit Tekeste Gebremichael (Gebremichael), Heruda Trucking, LLC

---

[1]Franklin County case No. 22-LA-15 was brought on behalf of Peggy Armstrong. Franklin County case No. 22-LA-19 was brought on behalf of Magnolia Armstrong. Franklin County case No. 22-LA-21 was brought on behalf of Helen Armstrong. On November 13, 2024, this court consolidated the three cases for purposes of appeal.

(Heruda Trucking), and Qualitas Insurance Company (Qualitas).[2] Specifically, the complaints alleged that the decedents, along with two other family members, were traveling northbound on Interstate 57 when Gebremichael, the driver of a semi-truck, merged back onto the highway after having a tire repaired. The complaints alleged Gebremichael entered the decedents' lane of traffic resulting in a collision and killing the decedents instantly on impact.

¶ 6      On July 5, 2022, defendant Qualitas moved to dismiss the complaints. In support of its motions to dismiss, Qualitas argued: (1) plaintiffs' claims were barred by the statute of limitations, (2) a direct action against the insurer in a vehicular accident is prohibited by law, and (3) plaintiffs lacked the legal capacity to sue as plaintiffs were not properly appointed as special administrators of the respective estates. On July 12, 2022, defendants Gebremichael and Heruda Trucking moved to dismiss the complaints. In support of their motions to dismiss, Gebremichael and Heruda argued: (1) plaintiffs' claims were barred by the two-year statute of limitations and (2) plaintiffs lacked the legal capacity to sue as they were not properly appointed as special administrators.

¶ 7      On April 3, 2023, plaintiffs filed motions to appoint special administrators. The record reflects that with respect to Peggy Armstrong (5-24-0933), Jackson's motion to appoint a special administrator does not address whether letters of office have been filed in her home state. The motion states "no Petition for Letters of Office has been filed." With respect to Magnolia Armstrong (5-24-0934), Lesure's motion to appoint special administrator states "Letters of Office were filed in the state of Tennessee." Lesure attached an executed affiant's bond from the probate court of Shelby County, Tennessee, case No. PR14376, which names her as the principal of the estate of Magnolia Armstrong. With respect to Helen Armstrong (5-24-0935), Lesure's motion to

---

[2]Qualitas is not a party to this appeal.

appoint special administrator states "Letters of Office were filed in the state of Tennessee." Lesure attached the order naming her personal representative of the estate of Helen Armstrong in Shelby County, Tennessee, case No. PR14514.

¶ 8      On April 3, 2023, and April 4, 2023, plaintiffs responded to the motions to dismiss. In their responses to the motions to dismiss, plaintiffs argued their causes of action were not time-barred as each complaint was refiled within the one-year statutory period pursuant to section 2-1009 of the of Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2022)) and section 13-217 of the Code (*id.* § 13-217). Plaintiffs also argued that they had standing and legal capacity to sue. On April 25, 2023, defendants filed their reply brief in support of their motions to dismiss.

¶ 9      On November 8, 2023, defendants' motions to dismiss were heard. On the same date, by docket entry, the circuit court granted Qualitas' motion to dismiss. Further, the court denied Gebremichael and Heruda Trucking's motions to dismiss. The docket entry read, *inter alia*:

> "The Court has considered each defendant's Motion to Dismiss and all arguments for and against said motions both written and oral and the Court is otherwise fully advised in the premises. Now therefore, the Court grants Defendant Qualitas Insurance Company's Motion to Dismiss. Further, the Motions to Dismiss filed by the other Defendants are denied."

¶ 10      Following denial of the motions to dismiss, defendants filed motions to certify question pursuant to Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019) arguing "there is substantial ground for difference of opinion" and "an immediate appeal may materially advance the ultimate termination of the litigation."

¶ 11      On July 25, 2024, the circuit court granted defendants' motion to certify question for interlocutory appeal. On August 26, 2024, defendants filed an application to this court for leave to appeal, which this court granted on September 27, 2024.

¶ 12                                    II. ANALYSIS

¶ 13    The circuit court certified the following question pursuant to Illinois Supreme Court Rule

308 (eff. Oct. 1, 2019):

> "Whether a Plaintiff who fails to be appointed as Special Administrator in a
> wrongful death suit filed just prior to the statute of limitations, who then voluntarily
> dismisses the Complaint, and then files another lawsuit again failing to be appointed
> Special Administrator of the estate, can have the refiled complaint 'relate back' to
> the original filing, *i.e.* does Plaintiff get a 'second bite at the apple' by being allowed
> to repeat the same conduct during the one year voluntary dismissal period—filing
> a complaint with a plaintiff who lacks the proper standing—without violating the
> statute of limitations?"

¶ 14    Our review of the question certified by the circuit court is governed by Illinois Supreme

Court Rule 308 (eff. Oct. 1, 2019), which provides in relevant part:

> "When the trial court, in making an interlocutory order not otherwise appealable,
> finds that the order involves a question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation, the court shall so state
> in writing, identifying the question of law involved."

"A certified question under Rule 308 necessarily presents a question of law, which we review

*de novo*." *Bowman v. Ottney*, 2015 IL 119000, ¶ 8. "The scope of review in an interlocutory appeal

brought under Rule 308 is limited to the certified question." *Spears v. Association of Illinois*

*Electric Cooperatives*. 2013 IL App (4th) 120289, ¶ 15. "A reviewing court should only answer a

certified question if it asks a question of law and [should] decline to answer where the ultimate

disposition 'will depend on the resolution of a host of factual predicates.' [Citations.]" *Id.*

¶ 15    The certified question on appeal essentially asks this court to determine whether the circuit

court properly denied defendants' motions to dismiss. In other words, the certified question asks

whether plaintiffs, who were not appointed as special administrators and voluntarily dismissed

their first complaints, may refile their complaints and survive motions to dismiss when they still

5

have not been appointed special administrators. For the reasons that follow, we decline to answer the certified question and remand the cause to the circuit court for further proceedings.

¶ 16    Defendants contend that plaintiffs must have been appointed as special administrators prior to filing their second lawsuit in order to have standing to bring the wrongful death claims. Defendants argue that because plaintiffs were not appointed as special administrators, they violated the statute of limitations. Defendants contend that plaintiffs do not "get a second bite at the apple." Plaintiffs argue the "procedural misstep is not fatal" and that the relation-back doctrine rectifies the error.

¶ 17    A wrongful-death action must be filed by a representative of the decedent on behalf of the estate. *Pavlov v. Konwall*, 113 Ill. App. 3d 576, 577 (1983). "Thus, there is no proper plaintiff if the next of kin of a decedent sues in his or her individual capacity." *Nagel v. Inman*, 402 Ill. App. 3d 766, 770 (2010) (citing *Jablonski v. Rothe*, 287 Ill. App. 3d 752, 754 (1997)). "Similarly, there is no proper plaintiff where the person named in the caption as the administrator of the decedent's estate was not properly appointed (see *Pavlov*, 113 Ill. App. 3d at 577) or—as happened here— where the person named has not yet been appointed as the administrator." *Id.* (citing *Hardimon v. Carle Clinic Ass'n*, 272 Ill. App. 3d 117, 119 (1995), *abrogated on other grounds by Billerbeck v. Caterpillar Tractor Co.*, 292 Ill. App. 3d 350 (1997)). "Ideally, the administrator should be appointed first and the wrongful-death action filed subsequently." *Id*. "However, a failure to follow this procedure is not necessarily fatal to a cause of action." *Id.*

¶ 18    Section 13-217 of the Code provides in pertinent part that if the plaintiff voluntarily dismisses a cause of action, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217

(West 2022). "Section 13-217 operates as a limitations savings statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to its merits." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 44.

¶ 19 The relation-back doctrine permits an amended pleading to relate back to the date of the original pleading if the original pleading was timely and the amendment grew out of the same transaction or occurrence set up in the original pleading. 735 ILCS 5/2-616(b) (West 2022). The statute provides:

> "The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." *Id.*

¶ 20 In construing the statute, our supreme court has explained that section 2-616(b) of the Code (*id.*) permits an amended pleading filed after the expiration of the statute of limitations to relate back to the filing of the original complaint if two requirements are met: (1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 21. "A liberal construction of the requirements of section 2-616(b) is necessary 'to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance.' " *Id.* (quoting *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995).

7

¶ 21    Both parties cite to *Nagel v. Inman*, 402 Ill. App. 3d 766, 767 (2010). In *Nagel*, the plaintiff filed a wrongful-death action alleging that the defendant's negligence in an automobile accident caused the death of the plaintiff's son. *Id.* The complaint listed the plaintiff in his capacity as the special administrator of his son's estate; however, he was not appointed to act in that capacity until six months after the suit was filed. *Id.* The plaintiff subsequently filed a motion to voluntarily dismiss and later filed a new suit raising the same allegations. *Id.* The defendant moved to dismiss the second suit and argued that the plaintiff's authority to act as the special administrator terminated when the first suit was dismissed. *Id.* at 768. Further, the defendant argued that the statute of limitations for bringing a suit under the Wrongful Death Act expired. *Id.* The court granted the defendant's motion to dismiss, finding that (1) the plaintiff's authority to act as the special administrator terminated when the original suit was dismissed and (2) the second suit was time-barred. *Id.* at 767-68. The plaintiff appealed and argued *inter alia*, the court erred by finding that his suit was time-barred. *Id.* at 768.

¶ 22    At issue on appeal in *Nagel* was "whether the plaintiff was required to file an amended complaint after being appointed as the special administrator in the first suit." *Id.* In its analysis, the *Nagel* court indicated "[t]here [was] no question that the plaintiffs complied" with the savings provisions of the Limitations Act (see 735 ILCS 5/13-217 (West 2022)). The court held that the plaintiff's appointment as the administrator of the estate in the first suit related back to the time it was originally filed, without the need to file an amended pleading. *Id.* at 773. Thus, the suit was properly before the court when it was voluntarily dismissed" *Id.* at 767-68. In the case before us, plaintiffs filed motions to appoint special administrators on April 3, 2023. These motions have not been addressed by the circuit court. A further review of the record indicates that with respect to Helen Armstrong (5-24-0935), letters of administration were issued in Shelby County, Tennessee.

Because an administrator of her estate was already appointed in Tennessee, there is no need to appoint a special administrator. With respect to Magnolia Armstrong (5-24-0934), a small estate was opened in Shelby County, Tennessee. The record does not reflect whether a probate matter was filed for Peggy Armstrong (5-24-0933) in Tennessee. The circuit court should address plaintiffs' motions to appoint a special administrator and determine whether administrators have been appointed, or whether it is proper to do so.

¶ 23   Succinctly stated, the circuit court has not disposed of plaintiffs' motions to appoint special administrators. The proper appointment of the plaintiffs as special administrators relates back to the time of filing of the original complaint, curing the only defect the defendants raised. *Pavlov*, 113 Ill. App. 3d at 577 (answering in the affirmative a certified question that asked whether the "proper appointment of an administrator" relates back to the time of the original complaint"). As such, because the circuit court has not yet ruled on plaintiffs' motions to appoint special administrators, we find the leave to file an interlocutory appeal was improvidently granted. Thus, we decline to answer the certified question, and we remand the cause for further proceedings consistent with this order.

¶ 24                                    III. CONCLUSION

¶ 25   For the foregoing reasons, we decline to answer the certified question as its ultimate disposition depends on the resolution of factual predicates. We remand the cause to the Franklin County circuit court for further proceedings.


¶ 26   Certified question not answered; cause remanded.